IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN JEROME BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:11-CV-779-WHA |
| ) | [WO] |
| OFFICER BEY - BADGE #840, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this 42 U.S.C. § 1983 action claiming that on June 9, 2011, he was falsely arrested for criminal trespassing and also subjected to police harassment. He names as the defendant Officer Franklin Bey of the City of Dothan Police Department, and requests damages and dismissal of the criminal charges and/or fines lodged against him.

In accordance with the orders of the court, Defendant filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court informed Plaintiff that Defendant's special report may, at any time, be treated as a motion for summary judgment, and explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Defendant. This case is now pending on Defendant's motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendant's motion for summary judgment is due to be granted.

# I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [– now dispute –] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

Defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims properly before this court. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive Defendant's properly supported motions for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule

3

56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250.

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a genuine dispute of material fact in order to preclude summary judgment. *Matsushita*,

4

*supra*.

## II. BACKGROUND

Defendant's dispositive motion reflects that a 911 call was made from the Martin Homes Housing Project on June 8, 2011, by an individual reporting that a rear window of Apartment 36 had been shattered by a black male wearing a black hat, red shirt, and red and white checkered shorts. Officer Phillip Rice was the first unit responding to the dispatcher's call regarding a burglary in progress. When Rice arrived on the scene, he encountered the plaintiff, a black male who was wearing a red shirt with red and white plaid shorts, and placed him in handcuffs. Defendant Bey also responded to the scene. He and Rice both noticed that Plaintiff's left hand had blood on it and that he was too intoxicated to be interviewed. The officers confirmed that the apartment window had been shattered, and the metal screen had been pulled away from the window. The window ledge and broken glass also had blood on them. Plaintiff was arrested on a charge of criminal trespassing and transported to the hospital for treatment of his injury. He was then transported to the Dothan City Jail. The officers also opened a burglary investigation. *Doc. # 6, Exhs. 1, 5*.

The criminal trespass charge against Plaintiff was apparently based on the officer's belief that Plaintiff had previously been banned from the housing project. As the government puts it, Plaintiff's claim is that "the officer knew his twin brother was the one banned from the housing project but arrested him anyway." *Doc. #6 at 1*. Plaintiff states in his complaint that at approximately 2:00 a.m. on June 9, 2011, Defendant Bey "was runnin [his] name" and

5

inquired as to whether Plaintiff had a brother named Paper. Plaintiff informed the officer that his mother had not named any of her children Paper. Defendant Bey then accused Plaintiff of lying and stated that even though he knew it was Plaintiff's brother who was banned from the projects and not Plaintiff, he was going to proceed to arrest Plaintiff on criminal trespass charges for being a "smart ass." Plaintiff complains that Defendant Bey's actions subjected him to false arrest and amounted to police harassment. *Doc. #1*. The criminal trespass charge was *nol prossed*, but the burglary investigation was still open at the time that defendant's special report was filed. *Doc. # 6, Exh. 1*.

### III. DISCUSSION

*A. Injunctive Relief*

Plaintiff is no longer incarcerated at the Dothan City Jail. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer housed at the city jail, his request for injunctive relief has been rendered moot.

*B. Fourth Amendment Claim*

  *i. Official Capacity Claim*

To the extent that Plaintiff seeks to sue Defendant Bey in his official capacity, he is entitled to no relief. A suit against a party in his or her official capacity is the same as a suit against the governmental entity that the individual employee represents. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Governmental entities may be liable when the alleged constitutional violations resulted from the execution of the policy or custom of the governmental entity. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). Plaintiff has neither alleged nor come forward with any evidence that the governmental entity that Defendant represents has a custom or policy which resulted in the wrongs asserted in the complaint. Thus, Defendant is entitled to summary judgment in his official capacity.

*ii. Individual Capacity Claim*

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536, U.S. 730, 739 (2002) and *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense against liability but rather immunity from suit. *Pearson v. Callahan*, 555 U.S. 223 (2009) (citation omitted). To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). There is no dispute that

Defendant Bey was acting within the course and scope of his discretionary authority when the incident complained of occurred. Plaintiff must, therefore, allege facts that, when read in a light most favorable to him, show that Bey is not entitled to qualified immunity. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003).

In order to satisfy his burden, Plaintiff must show two things: (1) that Bey committed a constitutional violation and (2) that the constitutional right Bey violated was "clearly established." *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). Courts now have discretion to determine the order in which the two prongs of Plaintiff's burden of proof are analyzed. *Pearson*, 555 U.S. at 236 (Courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case hand."). The court, therefore, analyzes whether Defendant Bey violated Plaintiff's constitutional rights.

### iii. Unlawful Arrest Claim

The court understands Plaintiff to complain that Bey lacked probable cause to arrest him for criminal trespassing, and therefore subjected him to false arrest in violation of his Fourth Amendment rights. The Fourth Amendment affords an individual the right to be free from arrest unless probable cause justifies the arrest. *Motes v. Myers*, 810 F.2d 1055, 1059 (11th Cir. 1997).

The existence of probable cause at the time of arrest constitutes an absolute bar to a 42 U.S.C. § 1983 claim for false arrest. *Marx v. Gumbinner,* 905 F.2d 1503, 1505-6 (11th

Cir.1990). Probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of circumstances." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002)). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citations omitted). Even if the defendant lacked actual probable cause to make the arrest, he is nevertheless entitled to qualified immunity if there was "arguable probable cause" for the plaintiff's arrest. *See Davis v. Williams,* 451 F.3d 759, 762-63 (11th Cir. 2006) (stating that in the context of a claim for false arrest, an officer is entitled to qualified immunity where that officer had "arguable probable cause" to effectuate the arrest); *Jones v. Cannon*, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999) (same); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (law enforcement officials entitled to qualified immunity where they reasonably, but mistakenly, determine that probable cause exists); *Skop v. City of Atlanta*, 485 F.3d 1130, 1137-38 (11th Cir. 2007) (same). Arguable probable cause exists where an objectively reasonable officer in the same circumstances and possessing the same knowledge as the officer effectuating the arrest could have believed that probable cause existed. *Jones*, 174 F.3d at 1283; *see also Thornton v. City of Macon,* 132 F.3d 1395, 1399 (11th Cir. 1998). Additionally, "the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Lee,* 284 F.3d

at 1196.

Defendant Bey acknowledges that the criminal trespassing charge against Plaintiff was subsequently *nolle prossed*, but asserts that he had probable cause to arrest Plaintiff on a burglary charge. According to Bey, contact with the tenant in Apartment 36 had not yet been made as of the time his affidavit was prepared, and the burglary case against Plaintiff remained open pending further investigation. *Doc. #6, Exh. 1*. Viewing the undisputed information known to Bey at the time of the arrest, he had, at a minimum, "arguable probable" cause to place Plaintiff under arrest for burglary based on the facts known to him, including the events he personally witnessed and the information he obtained from the other law enforcement official on the scene. As noted above, "the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Lee,* 284 F.3d at 1196. "[S]o long as probable cause existed to arrest Plaintiff for any offense, the arrest and detention are valid even if probable cause was lacking as to some offenses, or even all announced charges." *Whittington v. Town of Surfside*, 490 F.Supp.2d 1239, 1251 (S.D. Fla. 2007). Because Bey had arguable probable cause to arrest Plaintiff, he is entitled to qualified immunity for any false arrest claims brought under § 1983.[2]

*C. Harassment Claim*

Plaintiff complains that Defendant Bey subjected him to harassment by arresting him

---

[2]Under Ala. Code § 13A-7-4 (1975), a person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises. Under Ala. Code § 13A-7-7, a person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.

10

on criminal trespassing charges despite Plaintiff's advising him that it was his twin brother who was banned from the Martin Homes Housing Project. The court understands the gravamen of this allegation to be Plaintiff's belief that Bey simply ignored and/or disregarded his assertion that he was the victim of mistaken identity. The undisputed evidence before the court, however, reflects that law enforcement officials arrested Plaintiff based on the fact that he matched the description of the suspect provided by the Dothan Police Department's radio dispatch in relation to a 911 call that an individual was observed shattering a window of an apartment in the Martin Homes Housing Project. Because Plaintiff's allegation of harassment against Bey does not rise to the level of a constitutional violation, Defendant's request for summary judgment on this claim is due to be granted. *See Jackson v. Liberty County*, 860 F.Supp. 360, 363 (E.D.Tex. 1994) ("Claims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment and cannot withstand summary judgment."); *Slagel v. Shell Oil Refinery*, 811 F.Supp. 378, 382 (C.D. Ill. 1993) ("[C]itizens do not have a constitutional right to courteous treatment by the police.").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant Bey's motion for summary judgment (*Doc. No. 6*) be GRANTED and this case against him be DISMISSED with prejudice;

2.  Judgment be ENTERED in favor of Defendant and against Plaintiff; and

3.  Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **February 28, 2014,** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE